IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KATRINA HICKS § | |
| § | |
| v.  § | A-12-CV-1053-LY |
| § | |
| AUSTIN INDEPENDENT SCHOOL § | |
| DISTRICT § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Memorandum in Support of and Motion to Dismiss Title VII Claim and Motion to Remand, filed on December 10, 2012 (Clerk's Docket No. 6); Plaintiffs' Amended Memorandum in Support of and Amended Motion to Dismiss First Amendment Claim and Amended Motion to Remand, filed on December 12, 2012 (Clerk's Docket No. 7); and Defendant's Response, filed on December 17, 2012 (Clerk's Docket No. 8). The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Plaintiff Katrina Hicks, an African-American female, filed the instant employment discrimination lawsuit against her employer, Austin Independent School District ("AISD'), alleging (1) discrimination, retaliation and a hostile work environment, in violation of Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.,

and (2) speech retaliation in violation of her First Amendment rights under the United States Constitution.[1]

On November 15, 2012, Defendant removed this case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). Shortly thereafter, Plaintiff filed the instant Motion to Dismiss and Amended Motion to Dismiss (hereinafter "Motion") all of her federal claims and requesting that the case be remanded to state court.

## II. ANALYSIS

There is no dispute that AISD properly removed this case to federal court, as Hicks clearly pled a federal cause of action. Plaintiff, now that she is in federal court, seeks to dismiss her federal claims under Federal Rule of Civil Procedure 41(a), and asks that the Court remand the case back to state court pursuant to 28 U.S.C. § 1447(c). In response, AISD states that:

> While the District does not oppose the Court's dismissal of Plaintiff's First Amendment claim, it urges the Court to retain supplemental jurisdiction over Plaintiff's remaining state-law claims to avoid Plaintiff's apparent forum shopping, prevent further drain of the judiciary and District's resources, and avoid the unfairness that would otherwise result should Plaintiff succeed in thwarting the District's proper removal.

Response at 2. Where a plaintiff seeks to avoid federal court by abandoning the federal question she pled in her removed, state-court suit, the federal court has discretion to deny remand, and retain the case. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

As noted, Hicks bases her motion to remand on 28 U.S.C. § 1447(c). But § 1447(c) is not the proper vehicle for a remand when the district court still has jurisdiction over the case. *Id.*

---

[1]This is the second employment discrimination lawsuit that Plaintiff has filed against AISD. The parties apparently settled their first lawsuit after a jury trial in state court. *See* A-04-CV-638 SS (remanding case to County Court of Travis County, Texas).

Although all of the federal claims in this case have been dismissed, the Court still has jurisdiction over Plaintiff's state claims under the court's pendent jurisdiction. *Id. See also*, *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir.1994)  ("[A] post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction ").  Because the Court still has jurisdiction over the pendant state law claims in this case, a remand under § 1447(c) for lack of subject matter jurisdiction would clearly be error. *See Kaplan v. First City, Texas-Houston, N.A.*, 1995 WL 84441 at * 2 (5th Cir. Feb. 15, 1995) (holding that remanding case under § 1447(c) would be incorrect since court still had jurisdiction over pendant state claims).

However, "whether a court has subject matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction." *Carlsbad*, 556 U.S. at 639.  Thus, while a court may still have subject matter jurisdiction over the state law claims in a particular case, it may decline to exercise that jurisdiction.  *Id.*  Under 28 U.S.C. § 1367, a court has the discretion to remand a properly removed case to state court when all federal claims have been eliminated and only pendent state law claims remain. *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991). Section 1367(c) provides that a court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367.  In addition to considering these statutory factors, courts must also consider the common law factors of judicial economy, convenience, fairness, and comity. *Carnegie-Melon University v. Cohill*, 484 U.S.

3

343, 357 (1988). Finally, a court may consider in its analysis whether the plaintiff engaged in any manipulative tactics when it decides whether a case should be remanded or not. *Id.*

The "general rule" in the Fifth Circuit is that a court should decline to exercise jurisdiction over pendant state law claims when all federal claims have been eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009), *cert. denied,* 129 S.Ct. 2865 (2009). The only issue in this case that even arguably favors the retention of jurisdiction is the the Plaintiff's forum manipulation. As will be explained below, the Court may address that situation without exercising jurisdiction over the state claims. This case is in its very early stages, and raises only state law claims, both of which heavily favor remand. *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (when case is in early stages, "the District Court has a powerful reason to choose not to continue to exercise jurisdiction."). And while the Court finds that the forum manipulation here was improper, that is not enough to outweigh these factors. *Id.* (even if plaintiff's deletion of federal claims was forum manipulation, it was not so improper as to override balance of statutory and common law factors supporting remand); *Oliver v. Lewis*, 2012 WL 3779909 at *9 (S.D. Tex. Aug. 31, 2012) (granting motion to remand where plaintiff's forum manipulation did not "offset the overall balance of factors favoring remand"). Thus, despite the forum manipulation of Hicks' counsel, the Court will follow the "general rule" in this Circuit, and will recommend that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand the case to state court.

This is not the end of the matter, however. Hicks' counsel's decision to drop all federal claims after the case was removed was plainly a tactical maneuver to regain the original forum that he chose. Importantly this is not the first time that Hicks and her counsel have engaged in such

4

forum manipulation.  As noted in AISD's response, and as the undersigned is aware from work on one of these cases, there are at least two other instances identical to this one, where Mr Bledsoe filed suit in state court, pled federal causes of action, and, when the cases were removed, immediately sought to dismiss the federal claims and have the cases remanded.  The first is Hicks' original 2004 suit in this court, *Hicks v. AISD*, A-04-CV-638 SS.  Hicks filed suit in Travis County, alleging employment discrimination and First Amendment claims, just as she did in this suit.  And, as it has here, AISD removed the case to federal court, after which Hicks voluntarily dropped her federal claims and requested that the case be remanded to state court. In the earlier suit, Judge Sparks granted that remand.  *See* Dec. 6, 2004 Order (Docket # 15 in A-04-CV-638 SS).  More recently, in *Medel v. Travis County Juvenile Probation Dep't.*, A-10-CV-771 LY, Mr. Bledsoe engaged in the exact same maneuvers by requesting that the case be remanded after voluntarily dismissing federal claims he had pled in state court.  In that case, the undersigned found that "Plaintiff's request to amend her Petition has been taken in bad faith in an attempt to manipulate jurisdiction." Report & Recommendation at p. 5.

  The same is the case here.   To deter such tactics, courts often deny motions to remand where a plaintiff has engaged in removal/remand forum shopping. *See Cohill*, 484 U.S. at 357 (noting that district courts can guard against forum manipulation by taking plaintiff's forum manipulation into account when ruling on motions to remand); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (affirming district court's decision to retain jurisdiction over pendant claims where plaintiff engaged in forum manipulation by dropping all federal claims in his suit); *Hamburger v. Mobil Oil Corp.*, 1996 WL 180060 at * 1 (E.D. La. April 16, 1996) (opting to retain

jurisdiction over state law claims where plaintiff deleted federal claims in attempt to manipulate the forum).[2] As one district court explained:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff . . . cannot be condoned.

*Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir. 1985) (quoting *Austwick v. Bd. of Educ.*, 555 F. Supp. 840, 842 (N.D. Ill. 1983)).

In making remand decisions, one of the important policy considerations is comity—avoiding deciding questions of state law when those decisions can better be made by the state courts themselves. Thus, instead of denying Hicks' Motion to Remand, a more effective method of deterring Mr. Bledsoe from continuing to engage in this behavior is to require that he pay the costs his actions have caused. *See Enochs*, 641 F.3d at 161; *Oliver*, 2012 WL 3779909 at *9. As the Supreme Court explained, in the context of § 1447, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Federal courts have inherent power to assess attorney's fees against a party or counsel when that party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotations and citations omitted).

---

[2]Similarly, courts routinely deny motions to amend under Rule 15 if the court finds that the plaintiff has acted in bad faith in dropping the federal claims. *See e.g., Bouie v. Equistar Chemicals, L.P.*, 2006 WL 1736557 at * 4 (5th Cir. June 22, 2006) (affirming district court's denial of employee's motion to amend complaint to remove federal claims where motion was taken in bad faith to merely defeat federal jurisdiction).

The Court recommends that the District Court use this inherent power to order Plaintiff's counsel to pay the attorney's fees and costs incurred by AISD in removing the case, and in responding to the Motion to Remand.[3]  In order to sanction a party under its inherent power, a court must ordinarily provide notice of its intention to impose sanctions and give the party an opportunity to respond. *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923, 928 (7th Cir. 2004).

Accordingly, the Court hereby **GIVES NOTICE** to Mr. Bledsoe that it is recommending that the District Court impose sanctions as described above.  Mr. Bledsoe will have the opportunity to show cause why such costs should not be imposed through the filing of objections to this Report and Recommendation.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion and Amended Motion to Dismiss and Motion to Remand (Clerk's Docket Nos. 6 & 7) and **REMAND** this case to state court.

The Court **FURTHER RECOMMENDS** that the District Court **ORDER** that Plaintiff's Counsel pay to AISD the costs it incurred in removing the case and in responding to the motion to remand.  In the event that the District court adopts this recommendation, the Court further recommends that the District Court refer the case back to the undersigned to determine the costs incurred and thereafter enter an appropriate order imposing those costs of Plaintiff's counsel.

---

[3]Although § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," that section does not apply here because, as noted earlier, remand is not appropriate under § 1447 in this instance., but rather is taking place pursuant to § 1367.  *See Ramotnik v. Fisher*, 568 F. Supp.2d 598, 600-01 (D. Md. 2008) ( § 1447(c) does not permit an award of costs where the removal was proper).

## IV.  WARNINGS

The parties may file objections to recommendations contained within this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of February, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE